**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LARRY BENNY GROOVER<br><br>Defendant,<br><br>and<br><br>JOANNE GROOVER<br><br>Relief Defendant. | CASE NO.: 4:11-CV-0064-RAS-DDB |

**CONSENT ORDER OF PRELIMINARY INJUNCTION**
**AND OTHER EQUITABLE RELIEF**

Pursuant to the Commodity Exchange Act, 7 U.S.C. 7 U.S.C. §§ 1 *et seq*., Plaintiff U.S. Commodity Futures Trading Commission ("Commission") filed a Complaint for Injunctive Relief, Civil Monetary Penalties and Other Equitable Relief ("Complaint," DE #1) and moved, on an *ex parte* emergency basis, for a Statutory Restraining Order, Preliminary Injunction and Other Equitable Relief ("Emergency Motion," DE #2). The Court has considered the Complaint, the Emergency Motion and the exhibits and suggestions filed in support of the Emergency Motion. The Court finds that Defendant Larry Benny Groover ("Groover") and Relief Defendant Joanne Groover ("Mrs. Groover") have both been properly served with a copy of the Summons and Complaint (DE # 9, 10).

The Court further finds that Groover, without admitting or denying the allegations of the Complaint, consents to the entry of this Order, consents to this Court's jurisdiction over him and

admits that the subject matter of this action is properly before this Court, and admits that venue lies properly with this Court. The Court also finds that Groover's consent to this Order is entered into voluntarily and that no promise or threat has been made by the Commission, or any member, officer, agent, or representative of the Commission, to induce Groover to consent to this Order.

As it appears to the Court that there is good cause to believe that Groover has engaged, is engaging in, or is about to engage in violations of Commodity Exchange Act ("the Act"), 7 U.S.C. §§ 1 *et seq.* (2006), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (subtitled "CFTC Reauthorization Act of 2008" ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010) and that this is a proper case for granting a preliminary injunction to preserve the *status quo*, protect Groover's existing customers and/or potential customers (as well as the trading public at large) from further loss and damage, remove the danger of further violations of the Act, as amended by the CRA and the Regulations, and enable the Commission to fulfill its statutory duties. Accordingly, the Court finds and orders as follows:

## I.
## JURISDICTION AND VENUE

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

1. This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which provides that whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act, the Commission may bring an action in the proper district

court of the United States against such person to enjoin such practice, or to enforce compliance with the Act.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because the acts and practices in violation of the Act have occurred and are occurring within this District.

## II.
## PROHIBITION FROM VIOLATIONS OF THE ACT AND REGULATIONS

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that

1. Groover and all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of his, and all persons insofar as they are acting in concert or participation with Groover who receive actual notice of this order by personal service or otherwise, shall be prohibited and restrained from, directly or indirectly:

A. engaging in conduct in violation of 4b(a)(2)(A)-(C) of the Act, 7 U.S.C. § 6b(a)(2)(A)-(C);

B. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a);

C. Entering into any transactions involving futures, options, commodity options (as that term is defined in Regulation 32.1(b)(1)), 17 C.F.R. § 32.1(b)(1) (2010), (commodity options), and/or foreign currency (as described in Section 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(B) and 2(c)(2)(C)(i)) (forex contracts) for his own personal account or for any account in which he has a direct or indirect interest;

D. Having any futures, options, commodity options, and/or forex contracts traded on his behalf;

E. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving futures, options, commodity options, and/or forex contracts;

F. Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any futures, options, commodity options, and/or forex contracts;

G. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010); and

H. Acting as a principal (as that term is defined in Regulation 3.1(a)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010).

## III.
## FORCE AND EFFECT

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes. Further, the February 11, 2011 Statutory Restraining Order (DE #6) and the restrictions set forth therein are incorporated in full herein by reference and shall remain in full force and effect until further order of this Court, except for the show cause/preliminary injunction hearing on February 22, 2011 at 1:30, which is hereby canceled.

**IT IS SO ORDERED.**

SIGNED this the 17th day of February, 2011.

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

Accepted and agreed to this 16th day of February, 2011:

/s/ Jennifer J. Chapin

Jennifer J. Chapin, MO Bar #50554
Jeff Le Riche, MO Bar #46557
United States Commodity Futures Trading Commission
Division of Enforcement
Two Emanuel Cleaver II Blvd.
Suite 300
Kansas City, MO 64112
Telephone: (816) 960-7746 (Chapin)
Telephone: (816) 960-7745 (Le Riche)
Fax: (816) 960-7750
jchapin@cftc.gov
jleriche@cftc.gov

**COUNSEL FOR PLAINTIFF**

Accepted and agreed to this 18th day of February, 2011:
Larry Benny Groover
**PRO SE DEFENDANT**

Larry Benny Groover

Accepted and agreed to this 18th day of February, 2011:
Joanne Groover
**PRO SE RELIEF DEFENDANT**

Joanne Groover